IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

LIVINGSTON ASSET MANAGEMENT, LLC
2338 Immokalee Road, Ste. 324
Naples, FL 34110

Plaintiff

Case No.:

v.

BERGIO INTERNATIONAL, INC.
12 Daniel Road E.
Fairfield, NJ 07004

Defendant

---

COMPLAINT

Plaintiff, Livingston Asset Management, LLC, ("LIVINGSTON"), by and though its undersigned counsel files this Complaint against Bergio International, Inc. ("BRGO"), and alleges:

1. This action is instituted pursuant to 15 U.S.C § 77c(a)10 (Section 3(a)(10) of the Securities Act of 1933, hereinafter "Section 3(a)(10)") for the issuance of common stock in exchange for other debt, claims or securities of the same public company owned by the Plaintiff.

2. This Court has jurisdiction over the parties hereto based on the Federal Statute.

3. Venue is proper in the Northern District.

4. Plaintiff is a limited liability company domiciled in Florida, which was previously registered to do business in Maryland as a foreign entity.

1

5. Defendant is a publicly traded corporation, domiciled in Wyoming, headquartered in New Jersey, trading under the ticker symbol BRGO, which has the ability to issue securities under Section 3(a)(10).

6. On June 26, 2020, Plaintiff entered into a Claims Purchase Agreement (the "CPA") with Lucosky Brookman, LLP, a creditor of Defendant (a "Creditor"), whose claim against Defendant is in the amount of $95,000.00 ("Claim"), which (along with the documentation supporting the Claim) is attached hereto and incorporated herein as Exhibit A.

7. On June 26, 2020, Plaintiff entered into a Claims Purchase Agreement (the "CPA") with Columbia Bank, a creditor of Defendant (a "Creditor"), whose claim against Defendant is in the amount of $148,209.30 ("Claim"), which (along with the documentation supporting the Claim) is attached hereto and incorporated herein as Exhibit B.

8. On June 19, 2020, Plaintiff entered into a Claims Purchase Agreement (the "CPA") with Joe Macaluso, a creditor of Defendant (a "Creditor"), whose claim against Defendant is in the amount of $34,424.00 ("Claim"), which (along with the documentation supporting the Claim) is attached hereto and incorporated herein as Exhibit C.

9. On June 19, 2020, Plaintiff entered into a Claims Purchase Agreement (the "CPA") with Forever Diamonds & Gems, LLC, a creditor of Defendant (a "Creditor"), whose claim against Defendant is in the amount of $54,651.65 ("Claim"), which (along with the documentation supporting the Claim) is attached hereto and incorporated herein as Exhibit D.

10. On June 19, 2020, Plaintiff entered into a Claims Purchase Agreement (the "CPA") with Edward G. Coyne Enterprises, Inc., a creditor of Defendant (a "Creditor"), whose claim against Defendant is in the amount of $30,000.00 ("Claim"), which (along with the documentation supporting the Claim) is attached hereto and incorporated herein as Exhibit E.

11. On July 10, 2020 Defendant engaged Corinthian Partners, LLC ("PLACEMENT AGENT") a registered broker-dealer, to serve as Placement Agent with regard to the due diligence of and the purchase of Claims by third parties like LIVINGSTON, for which PLACEMENT AGENT is due a fee of 10% of the net proceeds of sales of Settlement Shares issued pursuant to a court approved settlement agreement, as shown on the Engagement Letter, attached hereto and incorporated herein as Exhibit F.

12. LIVINGSTON cannot recoup these losses without relief under Section 3(a)(10).

13. BRGO's public filings confirm that BRGO is unable to repay LIVINGSTON from cashflow, so LIVINGSTON seeks a settlement under Section 3(a)(10) of the Securities Act of 1933 allowing BRGO to issue shares of its publicly traded common stock to settle LIVINGSTON's Claims under Section 3(a)(10).

14. Section 3(a)(10) requires that a hearing be conducted as to the fairness of the terms and conditions of the exchange of debt for securities.

15. The total outstanding balance represented by the above Claims is owed by Defendant to the Plaintiff and remains unpaid.

16. Based upon the foregoing exhibits, the Defendant is responsible and liable to the Plaintiff for repayment thereof.

17. Defendant has defaulted on its obligations to pay the Plaintiff pursuant to the Exhibits attached hereto.

18. Creditors and Plaintiff have made verbal requests to Defendant for payment of the subject debts, but Defendant has failed to pay.

19. As a direct and proximate result of the failure of Defendant to pay the debts which are the subject of this Complaint, Plaintiff has been damaged.

WHEREFORE, Plaintiff requests this Honorable Court schedule a hearing to determine the fairness of the proposed settlement and for such other and further relief as is deemed appropriate.

Respectfully submitted,

*Glen K. Allen*

Glen K. Allen, Esq.
Glen Allen Law
5423 Springlake Way
Baltimore, MD 21212
410-802-6453
*Attorney for Plaintiff*

August 12, 2020